IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| JASON MILLER, on behalf of himself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Civil Action No.: |
| THOMAS MCSWANE, | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

COMES NOW the Plaintiff, JASON MILLER ("PLAINTIFF"), and files this Complaint against DEFENDANT, THOMAS MCSWANE ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was an individual who made payroll decisions regarding employees such as PLAINTIFF and owned and operated a shop called Sweet Cup Cafe in Gainesville, Florida, which is where PLAINTIFF worked at all material times.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to

PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through his officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

7. In or around November 2019, DEFENDANT employed PLAINTIFF as a barista serving coffee and frozen yogurt to patrons and PLAINTIFF was to be paid on an hourly basis. However, DEFENDANT did not pay PLAINTIFF for at least the last 70 hours he worked. The proposed class of additional persons are individuals like PLAINTIFF who performed work for DEFENDANT but did not receive their final paychecks.

8. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

9. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and those similarly situated for all of their hours at a rate of at least minimum wage and at a rate of time and one-half when they worked more than 40 hours in a week.

10. PLAINTIFF and those similarly situated are therefore owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

11. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

12. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF and those similarly situated, handled and used goods and materials which have moved in interstate commerce.

13. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

14. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed work for which he did not receive appropriate compensation.

15. During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when for all his hours when he worked more than 40 hours in a week and the minimum wage provision of the Act by not paying him at least minimum wage for every hour he worked.

16. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

17. DEFENDANT'S failure to compensate PLAINTIFF for his overtime violates the overtime provisions of the FLSA and the regulations thereunder.

18. DEFENDANT'S failure to compensate PLAINTIFF for his overtime was a willful and

knowing violation of the Act.

19. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

20. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF and those similarly situated compensation at a rate of one and one-half times their agreed hourly rate for the overtime hours they worked, and an additional equal amount as liquidated damages, plus minimum wage and liquidated damages for their regular, non-overtime hours worked, together with an additional sum for attorney's fees and costs of litigation.

21. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF and those similarly situated will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees and costs, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

22. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

23. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid $12 for each hour he worked for DEFENDANT plus overtime at a rate of $18 per hour when he worked more than 40 hours in a week.

24. PLAINTIFF performed as he was supposed to perform pursuant to the parties' agreement, but DEFENDANT breached the agreement by failing to pay PLAINTIFF

for the hours he worked throughout his employment.

25. As a result, PLAINTIFF has been forced to retain counsel to obtain his unpaid wages and PLAINTIFF is seeking reimbursement for his legal fees.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated: January 6, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF